Filed 12/18/14  In re Javon N.-M. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re JAVON N.-M., a Person Coming Under the Juvenile Court Law. | B255614<br>(Los Angeles County<br>Super. Ct. No. CK94372) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>ANTHONY M.,<br><br>　　　Defendant and Appellant. | |

　　　APPEAL from an order of the Superior Court of Los Angeles County.  Teresa Sullivan, Judge.  Affirmed.

　　　Anne E. Fragasso, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　Richard D. Weiss, Acting County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Sarah Vesecky, Deputy County Counsel, for Plaintiff and Respondent.

\* \* \* \* \* \*

Anthony M. (father) appeals the juvenile court's order terminating jurisdiction, awarding T.N. (mother) full custody of their son Javon N.-M. (Javon), and requiring father's visits with Javon to be monitored. Father contends that this order is defective because it rests upon the court's simultaneous denial of his petition for modification and his request for a continuance of the hearing on his petition. We disagree, and affirm the order.

**FACTS AND PROCEDURAL BACKGROUND**

The juvenile court asserted jurisdiction over Javon (born 2009) after finding that his parents, father and mother, had an "extremely conflicted and toxic relationship" in which they took "their frustration and anger out on each other." The court ordered father to complete a case plan consisting of (1) a drug and alcohol program, including drug testing, (2) a domestic violence program, (3) a parenting program, and (4) individual counseling to address relationship, anger management, and substance abuse issues. We affirmed the jurisdictional order when father appealed. (*In re Javon N.-M.* (Nov. 7, 2013, B245939) [nonpub. opn.].)

Although father completed a 26-session anger management program, he did not complete the remainder of his case plan. Indeed, the plan was twice modified in ways that ostensibly lessened father's burden: (1) the individual counseling requirement was deemed completed upon completion of the anger management program; and (2) father was permitted to enroll in, attend and schedule followup individual counseling sessions on issues of cooperative parenting in lieu of completing the 23 domestic violence classes he had yet to complete in his 52-class program. However, father (1) never completed any drug and alcohol program, tested positive for marijuana several times and missed several tests, (2) completed between one and three individual counseling sessions regarding cooperative parenting, and (3) testified that he completed a 12-week parenting program, but said he did it in four weeks and could not recall any details of the name of the program, its location, or any of his instructors.

2

Father nevertheless filed a petition under Welfare and Institutions Code section 388[1] asking for a home-of-parents order and/or unmonitored visitation on the ground that he was making progress on his case plan by completing one individual counseling session on cooperative parenting. At the hearing on the motion, the juvenile court heard readback of the pertinent portion of the prior proceeding at which the court permitted father to complete individual counseling instead of 23 remaining domestic violence classes. Father asked for a continuance to obtain the full transcript of that prior proceeding, which he felt was necessary in "[an] abundance of caution." The juvenile court denied any continuance, found that father had not made "substantive progress" with his case plan, and denied his section 388 petition. The juvenile court terminated jurisdiction, granted legal custody to both parents, and granted physical custody to mother with father to have monitored visits.

Father timely appealed.

## DISCUSSION

### I. Section 388 petition

Section 388 empowers a juvenile court to modify its prior orders based on changed circumstances or new evidence that alters what is in the best interest of the child. (*In re G.B.* (2014) 227 Cal.App.4th 1147, 1157.) In considering a section 388 petition, the court may look to "the entire factual and procedural history of the case" (*In re Jackson W.* (2010) 184 Cal.App.4th 247, 258), and is to evaluate (1) the seriousness of the problem leading to the dependency, (2) the degree to which the problem may be or has been resolved, and (3) the strength of the relative bonds between the child and both the parent and the caretaker. (*In re Kimberly F.* (1997) 56 Cal.App.4th 519, 532.) We review the juvenile court's evaluation of these considerations for an abuse of discretion. (*In re Daniel C.* (2006) 141 Cal.App.4th 1438, 1445.)

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

3

Father contends that the juvenile court abused its discretion in two ways. First, he argues that he "had demonstrated substantial compliance with the case plan." Given the ample evidence in the record that father had made little or no progress on many of the case plan's requirements, the trial court did not abuse its discretion in finding that father had not made "substantive progress" with the plan.

Second, father contends that he proved "changed circumstances." He is required to do so by a preponderance of the evidence (*In re G.B.*, *supra*, 227 Cal.App.4th at p. 1157), and the juvenile court did not abuse its discretion in concluding that father did not carry his burden. The juvenile court initially got involved because of domestic violence instigated by both mother and father. At the section 388 hearing, father had yet to complete the bulk of his case plan and continued to blame mother for the juvenile court's intervention. Father has also not argued that Javon's bonds with him are substantially greater than those with his mother.

## II. Continuance

The juvenile court has the discretion to continue a hearing "upon a showing of good cause" as long as doing so is not "contrary to the interests of the minor." (§ 352, subd. (a).) We review the denial of a continuance for an abuse of discretion. (*In re David H.* (2008) 165 Cal.App.4th 1626, 1635.)

Father asserts that the juvenile court abused its discretion in refusing to continue his section 388 hearing so he could obtain a copy of the full transcript of the prior hearing at which the court modified the domestic violence term of his case plan. We conclude that the juvenile court's refusal was not an abuse of discretion for two reasons.

To begin, father's request was untimely. He knew the prior proceeding's transcript might be relevant before the section 388 hearing; indeed, he called the court reporter from that hearing as a witness. Father had ample basis for seeking to continue the entire section 388 hearing before it ever started. Further, the reporter's readback at the section 388 hearing obviated any need for the full transcript. Father's counsel acknowledged as much when she initially agreed that the juvenile court had heard

4

sufficient readback, and only later requested a full transcript in "[an] abundance of caution."

Moreover, a continuance would not have mattered. Father sought the transcript to establish that the domestic violence segment of his case plan had been modified to allow him to attend individual counseling on cooperative parenting instead of his remaining 23 domestic violence classes. But the juvenile court was aware of this modified condition. More to the point, father did not complete the alternative requirement of individual counseling on cooperative parenting because he verified his attendance at only one session, and testified to attending at most three sessions more than four months before the section 388 hearing. When viewed in conjunction with father's failure to complete other aspects of his case plan, the juvenile court acted reasonably in concluding that the full transcript was of little value.

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
HOFFSTADT

We concur:


_____, P. J.
BOREN


_____, J.
CHAVEZ

5